**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02214-WYD-NYW

PAMELA RIETZ,

    Plaintiff,

v.

ORACLE AMERICA, INC., a Delaware corporation,

    Defendant.

**OBJECTION TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff Pamela Rietz, by and through her attorneys, Sweeney & Bechtold, LLC, respectfully objects to the March 9, 2017 Recommendation of United States Magistrate Judge And Order (Doc. 40) ("Magistrate Judge's Order"), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, as follows:

    **I.**    **Magistrate Judge's Order**

In her Order, Magistrate Judge Wang recommends granting Defendant's Motion to Compel Arbitration (Doc. 25), staying the deadlines set by the Scheduling Order, and administratively closing the case. (Magistrate Judge's Order at 13-14.)

As a preliminary matter, the Magistrate Judge found that, for the purposes of 28 U.S.C. § 636(b)(1), a motion to compel arbitration is non-dispositive. (Magistrate Judge's Order at 3-4.) She found further that: Plaintiff should be compelled to arbitrate the claims that she has brought

in this lawsuit against her employer because Defendant's arbitration demand is timely (*id.* at 7); Oracle America can compel Plaintiff to arbitrate because Oracle Corporation assigned it the Employment Agreement that contains the arbitration provision (*id.* at 7-12); and that the arbitration agreement is enforceable, as it is not an illusory contract (*id.* at 12-13).

Plaintiff objects to the Magistrate Judge's proposed finding that the arbitration provision at issue is not an illusory contract. Despite the fact that the arbitration provision gives Defendant the unfettered right to elect whether and when to compel its employees to submit their claims to arbitration, in her Order, the Magistrate Judge found that other unrelated and generic employment provisions in the Employee Agreement were sufficient to make the arbitration provision enforceable. This conclusion is clearly erroneous and contrary to well-established case law.

## II.     Standard of Review

As the Magistrate Judge discusses on pages 3 and 4 of her Order, it is unclear whether a motion to compel arbitration is dispositive for purposes of 28 U.S.C. § 636(b)(1). *Vernon v. Qwest Communs. Int'l, Inc.*, 925 F. Supp. 2d 1185, 1189 (D. Colo. 2013) (noting that "[d]istrict courts have come to varying conclusions on the matter"). The result dictates whether this Court should apply a *de novo* standard, in the case of a dispositive matter, or clearly erroneous or contrary to law standard, in the case of a non-dispositive matter. Given this Court's very limited scope of review of an arbitrator's decision should the case proceed to arbitration and that such a directive would "sound the death knell" of the federal case, Plaintiff contends that the Magistrate Judge's Order should be viewed as dispositive and reviewed *de novo*. *Vernon*, 925 F. Supp. 2d at 1189 (further justifying *de novo* review for a magistrate judge's recommendation regarding a

motion to compel arbitration based on the fact that a determination of the enforceability of an agreement to arbitrate involves a court's application of state contract law, which is subject to *de novo* review); *see Clowdis v. Colo. Hi-Tec Moving & Storage, Inc.*, 2012 U.S. Dist. LEXIS 35602, at *2 (D. Colo. March 15, 2012) (assuming that a magistrate judge's recommendation concerning a motion to compel arbitration and stay proceedings was a dispositive matter and conducting a *de novo* review accordingly). Even assuming that the matter is not dispositive, however, Plaintiff contends that the Magistrate Judge's Order should be set aside as clearly erroneous or contrary to law.

### III. Arbitration Provision at Issue

As described in Defendant's Motion to Compel Arbitration (Doc. 25) and Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration (Doc. 31), which she incorporates herein by reference, the entirety of the arbitration provision at issue here is as follows:

> If you and the company are unable informally to resolve any dispute arising out of or related to your Oracle employment, you agree that the company may elect, in its sole discretion and at any time, for the dispute to be mediated or submitted to final and binding arbitration. Mediation is an informal process in which a neutral third party without the power to decide or to impose a solution helps the parties resolve a dispute. Arbitration is a process in which the parties submit their dispute to a neutral third party whose purpose is to decide the outcome and make a final and binding decision. By agreeing to this provision, you are giving up your right to have the dispute heard in a judicial forum and by a jury.

(Ex. A to Defendant's Motion to Compel Arbitration, Doc. 25-1 at 2.)

This arbitration provision appears on the second page of the two page Oracle Employment Agreement ("Employment Agreement") that also includes, among other things: a directive to employees to adhere to the company's Code of Ethics and Business Conduct; a

description of benefits offered to employees such as health insurance and a 401(k) plan; the company's commitment to an equal employment opportunity policy; confirmation that employment is at will; and a statement that the agreement may be changed only in a writing signed by the individual employee and a Senior Vice President of Oracle. (*Id.*) The Employment Agreement concludes with a signature block and a statement that the employee agrees to abide by its terms. (*Id.*)

IV. **Legal Argument**

   A. **The arbitration provision at issue in the Employment Agreement is an unenforceable illusory contract.**

As this Court has recognized, "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory" and, thereby, unenforceable. *Lumuenemo v. Citigroup Inc. d/b/a Citimortgage, Inc.*, 2009 U.S. Dist. LEXIS 15654, at *11 (D. Colo. Feb. 12, 2009) (*quoting Dumais v. Amer. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002)). It is only where an arbitration agreement places some limitations on a drafting party's right to modify the agreement that the agreement may be enforced. *See Lumuenemo*, 2009 U.S. Dist. LEXIS 15654, at *12.

*Gourley v. Yellow Transportation, LLC*, 178 F. Supp.2d 1196 (D. Colo. 2001) and *Dumais v. Amer. Golf Corp.*, 299 F.3d 1216 (10th Cir. 2002) present quintessential examples of arbitration provisions that courts in this Circuit have concluded are unenforceable illusory contracts. In *Gourley*, the arbitration provision was embedded in an employment handbook that repeatedly stated that the handbook was not a contract, was in no way binding on the defendant, and that allowed the defendant to "interpret, modify, rescind, or supplement its terms unilaterally." 178 F. Supp.2d at 1202. In *Dumais*, the court found that an arbitration provision,

4

which appeared both in a separate dispute resolution policy and in the employee handbook, allowed the employer to change the arbitration provision at will and that such a "lopsided agreement is illusory because it allows [the company] to unilaterally modify the terms at any time."  299 F.3d at 1218.

In contrast, the arbitration provision in *Lumuenemo*, which this Court concluded was not illusory, restricted the company's "right to revise, amend, modify, or continue" the arbitration agreement at any time by explicitly promising that any amendments to the policy would be: sent to employees by either publishing them in the handbook or by a "separate release," effective thirty calendar days after being provided to employees, and applied "prospectively only."  2009 U.S. Dist. LEXIS 15654, at *13.  Likewise, in *Hardin v. First Cash Fin. Servs.*, 465 F.3d 470, 478 (10th Cir. 2006), the arbitration agreement was similarly found not to be illusory; although the dispute resolution policy, which mandated arbitration of any employment-related claim, provided that the employer retained the right to terminate the policy or modify or discontinue the arbitration requirement, it also made clear that the company would provide ten days' notice to its current employees before amending or terminating the agreement.  In addition, the policy provided that the company could not amend the agreement "if [the company] has actual notice of a potential dispute or claim, nor may it terminate the [a]greement as to any claims which arose prior to the date of termination."  *Id.*  Such limitations were "sufficient to avoid rendering the parties' [a]greement to arbitrate illusory."  *Id.*

Here, the language of the arbitration agreement in Oracle's Employment Agreement – specifically that "the company may elect, in *its sole discretion* and *at any time*, for the dispute to be mediated or submitted to final and binding arbitration. . ." (Doc. 25-1 at 2) (emphasis added)

5

– contains the same unilateral language found in the arbitration clauses that the courts in *Gourley* and *Dumais* concluded rendered the arbitration provisions illusory and, therefore, unenforceable. Unlike the arbitration agreements in *Lumuenemo* and *Hardin*, here there is absolutely no limitation on Defendant's unrestricted right to elect or refuse arbitration.[1] (*See* Doc 25-1.)

### B. The Magistrate Judge's finding that the arbitration agreement at issue is not illusory because the Employment Agreement in which it is found includes other unrelated mutual promises is clearly erroneous or contrary to law.

In her Order, the Magistrate Judge ignores the similarity of the arbitration provision in the parties' Employment Agreement to the illusory agreements in *Gourley* and *Dumais*. The Magistrate Judge concludes, instead, that the arbitration provision is akin to the arbitration agreement in *Lumuenemo*, presumably because there are allegedly mutual promises in other unrelated portions of the Employment Agreement, including that either Plaintiff or Oracle may terminate the employment relationship and that changes may be made to the Employment Agreement "only by an agreement in writing signed by [Plaintiff] and a Senior Vice President of Oracle" (Doc. 25-1 at 2). (Magistrate Judge's Order at 12.)

The Magistrate Judge's legal basis for this conclusion is deeply flawed in several respects. First, the existence of an at-will relationship and the provision that changes may be made to the Employment Agreement only in a writing signed by Plaintiff and a senior VP of Oracle do not change the fact that the arbitration provision contained in the Employment Agreement provides the company with unfettered and unilateral control over the arbitration

---

[1] Furthermore, the arbitration provision at issue is silent regarding the most basic logistical matters, including who will hear the arbitration, where the proceedings will take place, what procedural rules will apply, and who will be responsible for the attendant costs.

process. By no means does Oracle's arbitration agreement "bind[] Ms. Rietz and Oracle America equally" as the Magistrate Judge contends. (Magistrate Judge's Order at 12).

Second, the Magistrate Judge's conclusion is not supported by the case law of this Circuit. Tenth Circuit courts that have examined the illusory nature of arbitration agreements have not taken the existence of other allegedly mutual promises contained in the same document into account in their analyses. For example, the arbitration agreement in *Gourley* was in a general employment handbook that included language that the employment relationship was at will, 178 F.Supp.2d at 1202, but the court did not consider this to be a factor in its examination of whether or not the arbitration agreement itself was illusory. Also, in *Lumuenemo*, this Court's decision had nothing to do with other unrelated provisions found in the document containing the arbitration agreement.

Finally, the Colorado state court case that the Magistrate Judge cites on page 13 of the Magistrate Judge's Order, *Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249 (Colo. App. 2001), is inapposite. In that case, an individual contested the enforceability of an arbitration provision with her health insurance company and the court did not examine, nor was it asked to examine, whether the arbitration provision was illusory. Although the illusory contract issue did not arise in *Rains*, it seems unlikely that such an argument would have succeeded given that the excerpt of the arbitration provision quoted by the court did not give the defendant complete control over whether to arbitrate. *Id.* at 1252. In addition, the provision provided for the selection of a neutral arbitrator using American Arbitration Association rules and allowed for minimal discovery, which, the *Rains* court concluded, would assure that the arbitration was a fair process. *Id.* at 1254-55. The arbitration provision at issue here is utterly

devoid of such protections and, to the contrary, as discussed above, leaves whether and when the arbitration process proceeds entirely to Defendant.

### V.      Conclusion

Wherefore, Plaintiff respectfully requests that the Court set aside the Magistrate Judge's Order and deny Defendant's Motion to Compel Arbitration.

Respectfully submitted March 23, 2017

By:   SWEENEY & BECHTOLD, LLC

s/ Charlotte N. Sweeney
Charlotte N. Sweeney
Madison Fiedler-Carlson
650 S. Cherry Street, Suite 650
Denver, CO 80246
(303) 865-3733
cnsweeney@sweeneybechtold.com
mefiedlercarlson@sweeneybechtold.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2017, a true and correct copy of the foregoing was served via electronic mail to the following addresses:

Stephen M. DeHoff
Beth Robinson
Fortis Law Partners, LLC
1900 Wazee Street, #300
Denver, Colorado  80202

*Attorneys for Defendant*

*s/ Ashley Rodriguez*
Ashley Rodriguez