IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:16-cv-02214-WYD-NYW

PAMELA RIETZ,

    Plaintiff,

v.

ORACLE AMERICA, INC., a Delaware corporation,

    Defendant.

---

**ORACLE AMERICA, INC.'S RESPONSE TO
PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDATIONS**

---

Defendant, Oracle America, Inc. (hereinafter "Oracle" or "Defendant") by and through its counsel, and pursuant to 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), respectfully submits this Response to Plaintiff's Objection to the Recommendation of United States Magistrate Judge (Doc. #40) ("Plaintiff's Objection").

**ARGUMENT**

In her Recommendation, Magistrate Judge Wang recommended that the Court grant Oracle's Motion to Compel Arbitration, on the grounds that the Employment Agreement between Plaintiff and Oracle contained a binding arbitration clause.  Recommendation at 5. Magistrate Judge Wang correctly noted that the arbitration provision is governed by the Federal Arbitration Act, which requires the parties to arbitrate Plaintiff's claims.  Recommendation at 4; 9 U.S.C. § 2.  The Recommendation addresses each point raised by Plaintiff in her Response in

Objection to the Motion to Compel Arbitration and ultimately concludes that "neither the Employment Agreement nor the arbitration provision contained therein are illusory." Recommendation at 13.

## I. The Employment Agreement Is Not Illusory.

Plaintiff premises her objection of the Recommendation on the alleged illusory nature of the arbitration provision in the Employment Agreement. By focusing on the provision itself, instead of the contract as a whole, Plaintiff's argument fails to correctly apply the precedent it cites. Plaintiff points to rulings by this Court where arbitration provisions in an employee handbook were found to be illusory because the entire agreement was susceptible to unilateral interpretation or modification by the employer. *Gourley v. Yellow Transportation*, *LLC*, 178 F. Supp. 2d 1196, 1202 (D. Colo. 2001); *see also Dumais v. Amer. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002). In such circumstances, the arbitration agreement contained within those agreements was deemed illusory and unenforceable because there was a failure of consideration by one party. *Id.*; *In re Cox Enterprises, Inc.*, 835 F.3d 1195, 1209 (10th Cir. 2016).

Here, however, the arbitration provision is not contained within an illusory contract because it is part of a larger agreement – Plaintiff's Employment Agreement – which contains mutual consideration for both parties. Recommendation at 12. Plaintiff is employed and works for Oracle, and Oracle compensates her in exchange, all under the terms of the Employment Agreement. That mutuality of consideration is sufficient to sustain enforcement of the Employment Agreement and the arbitration provision therein.

As the Magistrate Judge correctly notes, these circumstances are more similar to those in *Lumuenemo v. Citigroup Inc.*, Civil Action No. 08–cv–00830–WYD–BNB, 2009 WL 371901, at

*5 (D. Colo. Feb. 12, 2009) than *Gourley* or *Dumais*. In *Lumuenemo*, the court held that the arbitration provision in question was not illusory because there were restrictions on the employers' right or ability to modify or cancel the agreements. Here, the Employment Agreement provides that *either* Ms. Rietz or the Senior Vice President of Oracle America may effect changes to it by written agreement signed by both, and that either Ms. Rietz or Oracle America may terminate the employment relationship at any time for any reason. *See* Motion to Compel (Doc. 25), Ex. A at 2. This restriction on unilateral modification of the contract is squarely within the guidance of *Lumuenemo* and *Hardin v. First Cash Financial Svcs.*, 465 F.3d 470, 478 (10th Cir. 2006), also cited in the Recommendation. Recommendation at 12.

## II.     The Process of the Arbitration Provision Itself Is Not A Barrier to Enforcement.

Plaintiff's second argument is that because the arbitration provision does not explicitly provide a mechanism for Plaintiff's initiation of arbitration, it is illusory, notwithstanding the plain consideration and mutuality of the Employment Agreement as a whole. This argument is simply not supported by applicable law because the appropriate analysis is of the contract as a whole, not any one clause or provision within the contract.

As Judge Wang noted, the arbitration provision is not an illusory contract because it is part of a larger agreement with consideration for both parties. Recommendation at 12. While the arbitration provision is silent as to Plaintiff's right to initiate arbitration, "such silence does not render the contract illusory." Recommendation at 13; *Rains v. Foundation Health Systems Life & Health*, 23 P.3d 1249, 1255 (Colo. App. 2001). A contract is illusory when there is no real promise made by one party. "If all the consideration given by one party to a contract consists of illusory promises, then the party has provided no consideration and cannot enforce

3

the contract. But an illusory promise in just one provision does not make the contract unenforceable. Consideration may appear in a separate provision." *In re Cox Enterprises, Inc.*, 835 F.3d at 1209.

In *Rains*, the Plaintiff raised the argument that an arbitration provision was unenforceable because the obligation to arbitrate was not mutual. *Rains*, 23 P.3d at 1254. The Colorado appeals court noted: "[u]nder Colorado law, every contractual obligation need not be mutual so long as each party has provided some consideration for the contract." *Id* at 1255. Magistrate Judge Wang, relying on *Rains*, found that the arbitration provision Oracle seeks to enforce is just one part of an agreement between Plaintiff and Oracle, and includes sufficient consideration by both parties. Recommendation at 13. Further, Plaintiff has already admitted that where the contract places limits on the drafting party's ability to unilaterally modify the agreement, "the agreement may be enforced." Plaintiff's Objections at 4. As noted above, this is precisely what the Employment Agreement does.

## **CONCLUSION**

WHEREFORE, Defendant Oracle America, Inc. respectfully requests that this Court adopt Magistrate Judge Wang's Recommendation that Defendant's Motion to Compel be granted, that the Court administratively close this case, and grant such other and further relief as this Court finds just and proper.

DATED this 30th day of March, 2017

                                                Respectfully submitted,

                                                */s/ Stephen M. DeHoff*
                                                Stephen M. DeHoff
                                                Beth Robinson
                                                Fortis Law Partners, LLC
                                                1900 Wazee Street, Suite 300
                                                Denver, CO 80202
                                                Tel: (720) 904-6000
                                                Fax: (303) 295-9701

                                                *Attorneys for Defendant, Oracle America, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2017, I electronically filed the foregoing **ORACLE AMERICA, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Charlotte N. Sweeney
    Sweeney & Bechtold, LLC
    650 S. Cherry St.
    Suite 610
    Denver, CO  80246

                        *s/Patricia Foos*
                        Patricia Foos
                        FORTIS LAW PARTNERS LLC
                        1900 Wazee Street, Suite 300
                        Denver, CO 80202
                        Telephone: (720) 904-6000
                        Facsimile: (303) 295-9701
                        Email: pfoos@fortislawpartners.com