IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.     16-cv-02214-WYD-NYW

PAMELA RIETZ,

      Plaintiff,

v.

ORACLE AMERICA, INC., a Delaware corporation,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Magistrate Judge Nina Y. Wang's Recommendation of United States Magistrate Judge and Order (ECF No. 40), issued on March 9, 2017, in which she granted Defendant Oracle America, Inc.'s Motion to Compel Arbitration (ECF No. 25), filed on January 9, 2017.   The recommendation is incorporated herein by reference.   *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Wang also recommends that the case be administratively closed pending completion of arbitration.

Plaintiff Pamela Rietz filed an Objection (ECF No. 42) to Magistrate Judge Wang's Recommendation, on March 23, 2017.   Plaintiff objects on two grounds.   First, Plaintiff argues that the arbitration provision at issue in the Employment Agreement is an unenforceable illusory contract.   Second, Plaintiff argues that Magistrate Judge Wang's findings of mutuality in other provisions of the Employment Agreement do not render the

1

arbitration agreement illusory is clearly erroneous or contrary to law.   Defendant filed its

Response (ECF No. 43) to Plaintiff's objection on March 30, 2017.

As a threshold matter, I must consider whether a motion to compel is dispositive.

The law on this issue is not clear.   Magistrate Judge Wang concluded that the matter was

non-dispositive because "the court retains jurisdiction throughout the arbitration

proceeding."   *See* ECF No. 40 at 3 (citing *Cook v. PenSa, Inc.*, No.

13-cv-03282-RM-KMT, 2014 WL 3809409, at \*6 (D. Colo. Aug. 1, 2014) (citing *Vernon v.*

*Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140-41 (D. Colo. 2012)).   Plaintiff

argues that the Magistrate Judge's Order should be viewed as dispositive and reviewed

*de novo.*   *See* ECF No. 42, at 2 (citing *Vernon*, 857 F. Supp. 2d at 1189).   As noted in

Magistrate Judge Wang's Recommendation, district courts have come to varying

conclusions on the matter.   *See* ECF No. 40 at 3-4 (comparing *Vernon*, 857 F. Supp. 2d

at 1189 (electing to assume that motion to compel was dispositive, giving consideration to

the fact that the court would apply a *de novo* review to the magistrate judge's application

of state contract law) with *Adetomiwa v. College*, No. 15-cv-01413-PAB-NYW, 2015 WL

9500787, at \*1 (D. Colo. 2013) (conducting *de novo* review of recommendation that

motion to compel be granted, but suggesting that the motion was not dispositive and the

court could apply a "clearly erroneous or contrary to law" standard of review)).

Two courts of appeal have considered the issue and held that motions to compel

arbitration are not dispositive.   *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir.

2010) (holding that a motion to compel arbitration is not dispositive because a district

court retains authority to dissolve stay or review arbitration award); *Virgin Islands Water &*

*Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133 (3d Cir. 2014) (unpublished) ("A

ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation.").

In the absence of definitive law on this point, I borrow from related principles.   As Judge Jackson concluded, "whether an individual has agreed to arbitrate a dispute involves the application of principles of state contract law."   *Vernon*, 925 F. Supp. 2d at 1189.   The court's determinations of law during that process are reviewed de novo.   *Id.* (citing *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 475-76 (10th Cir. 2006)).

Here, under the circumstances, I elect to review Magistrate Judge Wang's Recommendation *de novo* as to those specified proposed findings or recommendations to which objection is made.   "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'"   *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).   "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation.   *In Re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Turning to my analysis, the Federal Arbitration Act ("FAA") permits a district court to compel arbitration where one party has refused or failed to comply with an arbitration agreement.   *See Gourley v. Yellow Transp.*, 178 F.Supp.2d 1196, 1201 (D.Colo.2001). I note that "[t]here is a strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration."   *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1488–89 (10th Cir.1994).

To this end, courts must interpret arbitration clauses liberally, and all doubts must be resolved in favor of arbitration.   *Armijo v. Prudential Ins. Co. of America,* 72 F.3d 793, 798 (10th Cir.1995).   While "the presumption in favor of arbitration is properly applied in interpreting the scope of an arbitration agreement, ... this presumption disappears when the parties dispute the existence of a valid arbitration agreement."   *Dumais v. American Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir.2002).

Plaintiff does not object to the validity of the Employment Agreement or to whether her claims fall within the scope of the agreement.   Plaintiff contends, however, that the arbitration agreement is illusory and thus unenforceable because the language found in the arbitration clause is unilateral, granting Defendant the unrestricted right to elect or refuse arbitration.   Therefore, I must determine whether the agreement is enforceable. *Hardin*, 465 F.3d at 478.

In order to determine whether or not the arbitration agreement is illusory, I look to the language of the agreement.   The Employment Agreement, which Plaintiff entered into with Oracle Corporation in May 1997, reads in pertinent part as follows:

> If you and the company are unable informally to resolve any dispute arising out of or related to your Oracle employment, you agree that the company may elect, in its sole discretion and at any time, for the dispute to be mediated or submitted to final and binding arbitration… Arbitration is a process in which the parties submit their dispute to a neutral third party whose purpose is to decide the outcome and make a final and binding decision. By agreeing to this provision, you are giving up your right to have the dispute heard in a judicial forum and by a jury.

(ECF No. 25-1 at 2).   Additionally, the Employment Agreement provides that "this Agreement may be changed only by an agreement in writing signed by you and a Senior Vice President of Oracle."   *Id.*

4

The law of this Circuit provides that "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory." *Dumais,* 299 F.3d at 1219; *see also Gurley,* 178 F.Supp.2d at 1202–03.   However, an arbitration agreement that allows the drafting party only a limited right to modify the agreement, *i.e.*, a right to modify the agreement under certain restrictions, may not be illusory.   *Lumuenemo v. Citigroup Inc.*, No. 08-cv-00830-WYD-BNB, 2009 WL 371901, at *5 (D. Colo. Feb. 12, 2009) (citing *Hardin*, *supra*).

In this case, I find that Defendant's right to modify or change the Employment Agreement is not unrestricted.   Instead, as the express contract language provides, any changes to the agreement must be in writing signed by both Plaintiff and a Senior Vice President of Defendant.   *See* ECF No. 25-1 at 2.   Accordingly, under the authority cited above, the Agreement is not illusory.

Additionally, Plaintiff contends that because the arbitration agreement only allows Defendant to elect arbitration and is silent as to Plaintiff's election right, it is unenforceable as illusory.   Plaintiff argues that mutual promises in unrelated portions of the Employment Agreement do not render the arbitration provision non-illusory.   I am not so persuaded.

"[T]he notion of an illusory promise is simply part of the doctrine of consideration." *In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1211 (10th Cir. 2016).   "Words of promise which by their terms make performance entirely optional with the 'promisor' do not constitute a promise.... Where the apparent assurance of performance is illusory, it is not consideration for a return promise."   *Id.* (citing Restatement (Second) of Contracts § 77 cmt. a (1981).   As the Tenth Circuit has

stated, "[i]t is important to keep in mind, however, that a contract may be supported by

adequate consideration, and hence be enforceable, even if one of the promises by a party

is illusory. If that party provides other consideration, such as a nonillusory promise, the

fact that one promise is illusory is immaterial."   *Id.*   Further, "[t]hat consideration may

appear in a totally distinct provision of the contract as a whole."   *Id.*   "A single

performance or return promise may ... furnish consideration for any number of promises."

*Id.* (citing Restatement (Second) of Contracts § 80 cmt. a; § 80(1) ("There is consideration

for a set of promises if what is bargained for and given in exchange would have been

consideration for each promise in the set if exchanged for that promise alone.")).

Furthermore, "where the agreement to arbitrate is integrated into a larger unitary contract,

the consideration for the contract as a whole covers the arbitration clause as well."   *Id.*

I find that the Employment Agreement at issue contains sufficient consideration to

hold that the arbitration agreement is not illusory.   The Defendant provided employment,

compensation and benefits in exchange for Plaintiff's agreement to the Employment

Agreement.   Additionally, either Plaintiff or Defendant could terminate the employment

relationship at any time for any reason.   *See* ECF No. 25-1 at 2.   Under Colorado law,

every contractual obligation need not be mutual as long as each party has provided some

consideration for the contract.   *Rains v. Found. Health Sys. Life & Health*, 23 P.3d 1249,

1255 (Colo. App. 2001) (citing *McCoy v. Pastorius,* 125 Colo. 574, 246 P.2d 611 (1952);

*Sedalia Land Co. v. Robinson Brick & Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970)).

As such, the arbitration provision at issue is not unenforceable as illusory because, under

the circumstances, the mutuality of the Employment Agreement as a whole meets the

requirements of consideration.

Based on the foregoing, I find that the motion to compel should be granted.   Local

Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases

subject to reopening, as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may
> order the clerk to close a civil action administratively subject to reopening
> for good cause.   Administrative closure of a civil action terminates any
> pending motion.   Reopening of a civil action does not reinstate any motion.

"Use of the administrative-closure mechanism allows district courts to remove from

their pending cases suits which are temporarily active elsewhere (such as before an

arbitration panel) or stayed (such as where a bankruptcy is pending)."   *Patterson v.*

*Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation marks and citation omitted).

For the reasons and findings stated above, this case presents similarly appropriate

circumstances justifying administrative closure subject to reopening for good cause under

the Local Rule.   Accordingly, it is

ORDERED that Plaintiff's Objection to Magistrate Judge's Proposed Findings and

Recommendations (ECF No. 42), is **OVERRULED,** and the Recommendation of the

United States Magistrate Judge (ECF No. 40) is **AFFIRMED and ADOPTED.**   In

accordance therewith, it is

ORDERED that Defendant's Motion to Compel (ECF No. 25) is **GRANTED,** and

the parties are directed to proceed with arbitration in this case.   Accordingly, it is

ORDERED that this case shall be **ADMINISTRATIVELY CLOSED** pursuant to

D.C.COLO.LCivR 41.2, pending completion of arbitration.   Finally, it is

ORDERED that not later than 20 days after the completion of the arbitration

proceeding, the parties shall file a status report advising the Court whether they believe

the case should be reopened for good cause for any further proceedings in this Court or

whether the case can be dismissed.

Dated:   July 20, 2017.

BY THE COURT:


*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE